ROGERS (JOHNSON v.). See Case No. 7,-408.

ROGERS (LEE v.). See Case No. 8,201.

⸻

## Case No. 12,013.

### ROGERS v. LEE COUNTY.

[1 Dill. 529.] [1]

#### Circuit Court, D. Ohio. 1870.

INTEREST—COUPONS—JUDGMENT.

Under the statutes of Iowa, which provide, in substance, that six per cent shall be the legal rate of interest in the absence of a contract in writing fixing, in terms, a higher rate, and that "judgments and decrees shall draw interest at the rate expressed in the contract," not exceeding ten per cent. a judgment upon coupons made in Iowa, payable in New York (where the legal rate of interest is seven per cent), but silent as to interest, or the rate thereof, should be made to draw interest at the rate of six and not seven per cent per annum.

[Cited in Fauntleroy v. Hannibal, Case No. 4,-692.]

This is an action on coupons which were attached to bonds issued by the county of Lee, in the state of Iowa, in payment of subscription to the stock of a railway company. These coupons are on their face made payable at a banking house in the city of New York, and contain no provisions whatever in relation to interest, or the rate of interest. The

⸻

[1] [Reported by Hon. John F. Dillon, Circuit Judge. and here reprinted by permission.]

county having failed to answer, a default was entered, and on the assessment of damages the question arose: At what rate should the judgment rendered on such coupons be made to draw interest. The rate of interest in New York where the coupons are made payable, is seven per cent. The statute of Iowa, the state where the contract was made and in which suit is brought, contains inter alia these provisions as to interest: "The rate of interest shall be six cents on the hundred, by the year, on money due by express contract, unless a different rate be expressed in writing." "Parties may agree in writing, for the payment of interest not exceeding ten cents on the hundred by the year." "Interest shall be allowed on all money due on judgments and decrees at the rate of six per cent per annum, unless a different rate is fixed by the contract on which the judgment or decree is rendered, in which case the judgment or decree shall draw interest at the rate expressed in the contract; but no judgment or decree shall draw more than ten per cent per annum, which rate must be expressed in the judgment or decree." Revision of Iowa, 1860, §§ 1787–1789.

J. N. Rogers, H. Scott Howell, and Grant & Smith, for plaintiff.

No appearance for the county.

Before DILLON, Circuit Judge, and LOVE, District Judge.

DILLON, Circuit Judge. Under the statute of the state six per cent is the legal and ordinary rate of interest. But parties may by contract in writing stipulate for any rate of interest not exceeding ten per cent; but unless there is a written agreement, six per cent is the rate both upon money due on contract or on judgments and decrees.

If the coupon was payable with seven per cent interest "expressed in the contract" the judgment to be rendered thereon should, under the statute, draw the same rate of interest. But no rate is expressed in the contract, and this is necessary under the statute in order to give the creditor the right to insist that the judgment shall bear a greater rate of interest than six per cent.

The point not being controverted, it is conceded for the purposes of this case, that our statute does not affect the general rule that where a contract is silent as to the rate of interest, and is in terms made payable in another state, the implication of law is that the parties contemplated that the laws of the other state as to rate of interest should apply, and if so, the debt would draw interest from maturity to date of judgment at seven per cent; but as no rate is expressed in the contract the judgment itself can only draw interest at the rate of six per cent per annum. Judgment accordingly.

The above ruling was concurred in, after argument, by Mr. Justice Miller, at the May term, 1871.